IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHIQUITA HULL, | ) | BANKRUPTCY CASE NO. 23-13747 |
| | ) | |
| DEBTOR, | ) | |
| | ) | |
| | ) | ADVERSARY PROCEEDING NO. 24-00011 |
| CHARLENE CARTER, | ) | |
| | ) | |
| PLAINTIFF, | ) | CHAPTER 7 |
| | ) | |
| VS. | ) | |
| | ) | |
| CHIQUITA D. HULL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Defendant, Chiquita D. Hull, answers the complaint for non-dischargeability of debt filed by Plaintiff, Charlene Hunter, as follows:

1. Defendant admits the allegations in paragraph number one.

2. Defendant admits the allegations in paragraph number two.

3. Defendant admits the allegations in paragraph number three.

4. Defendant admits the allegations in paragraph number four.

5. Defendant admits that in connection with the lease of the aforementioned residence to Plaintiff, Defendant received a security deposit for Plaintiff as set forth and described in the RLTO in the total amount of $1,050.00, Defendant denies that the deposit was held from the date of tender to the present date.

6.  Defendant neither admits nor denies that the tenancy of Plaintiff lasted more than a decade, during which time no security deposit interest was ever paid or credited to Plaintiff, lacking sufficient information and belief, however, Defendant demands strict proof thereof.  Defendant admits that she did not provide Plaintiff with any itemizations of any deduction for alleged damages from her security deposit within 30 days of the July 1, 2018, end of Plaintiff's tenancy.  Defendant admits that she did not advise Plaintiff of the name and address of the financial institution in which Plaintiff's security deposit was held.  Defendant denies that the same was in violation of 5-12-080 (a) (3) of the RLTO.

7.  Defendant admits that none of Plaintiff's security deposit was ever returned to her. Defendant denies that the same was in violation of 5-12-080 (d) of the RLTO. Defendant neither admits nor denies that no statutorily required security deposit interest was ever paid to Plaintiff during her tenancy, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant admits that no security deposit interest was ever paid to Plaintiff after she vacated the premises.  Defendant denies that the same was in violation of 5-12-080 (c) and (d) of the RLTO.

8.  Defendant admits that she failed to return to Plaintiff her security deposit funds with 45 days of July 1, 2018.  Defendant denies that the same was in violation of 5-12-080 (d) of the RLTO.

9.  Defendant admits the allegations in paragraph number 9.

10. Defendant admits the allegations in paragraph number 10.

11. Defendant neither admits nor denies that a claim on behalf of Plaintiff exists in the amount of $10,408.13, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant neither admits nor denies that Plaintiff's interest and additional attorney's fees are due and claimed pursuant to Trutin v. Adam, 2016 Il. App (1ˢᵗ) 142853, lacking sufficient information and belief, however, Defendant demands strict proof thereof. Defendant neither admits nor denies that Plaintiff has not filed Claim in these proceedings, pursuant to the Notice of the Court, dated October 16, 2023, Defendant, lacking sufficient information and belief.

12. Defendant denies that allegations of paragraph number 12.

13. Defendant denies that allegations of paragraph number 13.

14. Defendant denies that allegations of paragraph number 14.

FURTHER, as separate affirmative defense, to each and every claim for relief of the Complaint, this Answering Defendant is informed and believes, and on such information and belief, alleges as follows:

## AFFIRMATIVE DEFENSE

## FAILURE TO STATE CAUSE OF ACTION

As an Affirmative Defense to each claim for relief of the Complaint, this Answering Defendant alleges that Plaintiff's Complaint and each claim for relief contained therein fails to state facts sufficient to constitute a claim for relief in that:

15. In order to except debt from discharge on basis of "actual fraud," creditor must establish (1) that a fraud occurred; (2) that debtor intended to defraud, and (3) that this fraud created the debt that is the subject of dischargeability dispute. 11 U.S.C.A. § 523(a)(2)(A).

16. . Defendant asserts that Plaintiff has not satisfied her burden of proof of the discharge exception by a preponderance of the evidence.

17. Defendant asserts that Plaintiff has not established that a fraud occurred.

18. Defendant asserts that Plaintiff has not established that the debtor intended to defraud.

19. Defendant asserts that the Plaintiff has not established that this purported fraud created the debt that is the subject of the dischargeability dispute.

20. On May 7, 2018, Defendant purchased the 3-unit apartment building in which Plaintiff had lived for an extensive period of time with the previous owner as the landlord. Plaintiff alleges that her tenancy with the previous owner was 10 years.

21. Plaintiff states that her tenancy lasted more than a decade, with the previous Owner and as such, the previous Owner-Seller, at closing, did not transmit any information or monies to the Defendant, as to the security deposit interest of the Plaintiff, on May 7, 2018.

22. On May 7, 2018, at the closing transaction, Seller, as previous owner, credited to Defendant, security deposit on behalf of the Plaintiff, in the amount of $1,050.00. (Exhibit A)

23. The Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, entitled, Security Deposits states that:

> If no written rental agreement is provided between the landlord and tenant, the landlord shall, within 14 days of receipt of the security deposit, notify the tenant in writing of the name and address of the financial institution where the security deposit was deposited.

24. As there was no written rental agreement between the parties, Defendant erred when she failed to within 14 days of receipt of the security deposit, notify the tenant in

writing of the name and address of the financial institution where the security deposit was deposited. Defendant held the $1,050.00 security deposit of the Plaintiff for 53 days, from May 7, 2018, to July 5, 2018.

25. Plaintiff moved out from the premises on June 30, 2018.

26. When Plaintiff moved out from the premises, she left behind abandoned rooms full of furniture, furnishings, household goods and debris.

27. It cost the Defendant the sum of $4,618.00 to have a junk removal company remove on July 5, 2018, all of the furniture, furnishings, household goods and debris from the apartment occupied by the Plaintiff, as well as a second unit that is the subject of an associated adversary case herein. (Exhibit B)

28. Plaintiff seeks to establish fraud by the Defendant based upon violations of the Defendant of the Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, entitled, Security Deposits which states that:

(d)   The landlord shall, within 45 days after the date that the tenant vacates the dwelling unit or within seven days after the date that the tenant provides notice of termination of the rental agreement pursuant to Section 5-12-110(g), return to the tenant the security deposit or any balance thereof and the required interest thereon; provided, however, that the landlord, or successor landlord, may deduct from such security deposit or interest due thereon for the following:

(2)   A reasonable amount necessary to repair any damage caused to the premises by the tenant or any person under the tenant's control or on the premises with the tenant's consent, reasonable wear and tear excluded. In case of such damage, the landlord shall deliver or mail to the last known address of the tenant within 30 days an itemized statement of the damages allegedly caused to the premises and the estimated or actual cost for repairing or replacing each item on that statement, attaching copies of the paid receipts for the repair or replacement. If estimated cost is given, the landlord shall furnish the tenant with copies of paid receipts or a certification of actual costs of repairs of damage if the work was performed by the landlord's employees within 30 days from the date the statement showing estimated cost was furnished to the tenant.

29. According to the Chicago Residential Landlord & Tenant Ordinance, Section 5-12-080, Defendant was within her rights as landlord to deduct from the Plaintiff's security deposit and security deposit interest, the reasonable amount necessary to pay for the removal of the furniture, furnishings, and household goods from the apartment occupied by the Plaintiff, however, Defendant erred when she failed to deliver or mail to the last known address of the Plaintiff within 30 days an itemized statement of the damages allegedly caused to the premises and the estimated or actual cost for removing the rooms full of furniture, furnishings, and household goods left behind by the Plaintiff.

30. Plaintiff moved from the premises without giving to the Defendant any information including address and or telephone number by which to contact said Plaintiff, however, Defendant acknowledges that upon review of the Ordinance she could have sent the itemized statement to the Plaintiff for the debris removal to Plaintiff's last known address, namely, the subject address of 1726 East 86th Street, Apartment 2, Chicago, Illinois 60617.

31. Defendant opines that the reason that the Plaintiff did not provide the Defendant with any forwarding contact information including address and telephone number was due to the condition that Plaintiff had left the premises, leaving behind rooms full of furniture, furnishings, and household goods in the apartment occupied by the Plaintiff for more than a decade.

32. In the Circuit Court of Cook County Case entitled, Charlene Carter vs. Chiquita Hull, case number 20201109839, upon which this adversary case is based upon, the Court entered Default Judgment, in the amount of $8,719.06, consisting of statutory damages of $4,200.00, attorney fees of $3,700.00 and costs of $819.06, after Defendant's attorney

failed to file an Answer in said cause of action and then withdrew from his representation of the Defendant. (Exhibit C) (Exhibit D)

33. The Court never heard the Defendant's defense that the Plaintiff was not entitled to her $1,050.00 security deposit and or security deposit interest based upon the condition that Plaintiff had left the premises, leaving behind rooms full of furniture, furnishings, household goods and debris in the apartment occupied by the Plaintiff for more than a decade, where as a result the Plaintiff expended the sum of $4,618.00 as removal costs for the apartment occupied by Plaintiff, and a second unit that is the subject of an associated adversary case herein.

34. It is a full reach by the Plaintiff now to allege in the Debtor's bankruptcy proceeding that the failure of the Defendant to provide information to the Plaintiff on where the Plaintiff's security deposit of $1,050.00 was being held, and the Defendant's failure to deliver or mail to the last known address of the Plaintiff within 30 days an itemized statement of the estimated or actual cost for removing the rooms full of furniture, furnishings, household goods and debris left behind by the Plaintiff, amounts to the construction of actual fraud pursuant to the interpretation of 11 U.S.C.A. § 523(a)(2)(A).

35. The Bankruptcy Code provides debtors with a discharge to give honest but unfortunate debtors a "fresh start". In re Chambers, 348 F. 3d. 650, 653 (7th Cir. 2003).

36. The party objecting to a debtor's discharge bears the burden of proof. Fed. R. Bankr. P. 4005; Peterson vs Scott, 172 F. 3d 959, 966 (7th Cir. 1999).

37. The objecting party must meet this burden of proof by a preponderance of the evidence. Peterson vs Scott, 172 F. 3d 966-967 (7th Cir. 1999).

38. To advance the policy of providing a debtor a fresh start, objections to a debtors discharge are to be construed strictly against movants and  liberally in favor of a debtor. In re Juzwiak, 89 F. 3d 424, 427 (7th Cir. 1996)

39. In order to except debt from discharge on basis of "actual fraud," creditor must establish (1) that a fraud occurred; (2) that debtor intended to defraud, and (3) that this fraud created the debt that is the subject of dischargeability dispute. 11 U.S.C.A. § 523(a)(2)(A).  Jahelka, 442 B.R. at 669; Ryan, 408 B.R. at 157; Scarpello, 272 B.R. at 701; Jairath, 259 B.R. at 314.

40. The fraud exception to the dischargeability of debts in bankruptcy does not reach constructive frauds, only actual ones. McClellan vs. Cantrell, 217 F. 3d 890, 894 (7th Circuit 2000) ; Ryan, 408 B.R. at 157..

41. Defendant asserts that Plaintiff has not proved by a preponderance of the evidence that the elements of sections 523 (a)(2)(A) have been satisfied, and has therefore not sustained her burden of proof.

42. Defendant asserts that based upon the foregoing Plaintiff has not established that a fraud occurred.

43. Defendant asserts that based upon the foregoing Plaintiff has not established that Defendant owed Plaintiff any money that was due from her security deposit.

44. Defendant asserts that based upon the foregoing that Plaintiff has not established that the debtor intended to defraud the Plaintiff.

45. Defendant asserts that based upon the foregoing the Plaintiff has not established that this purported fraud created the debt that is the subject of the dischargeability dispute.

46. Plaintiff has not proven that the Defendant committed actual fraud against the Plaintiff, only that Defendant failed to notify Plaintiff where the $1,050.00 security deposit was being held and for failing to send an itemized list and cost to remove the debris from

the living quarters of the Plaintiff, at her last known address.

47. The definition of fraud, denotes, surprise, trick, cunning, dissembling and any unfair way by which another is cheated. McClellan vs. Cantrell, 217 F. 3d 893 (7th Circuit 2000).

48. The facts in the instanter case of Charlene Hunter vs. Chiquita Hull does not reflect the definition of fraud, constructive or actual.

49. To reinterate, the denial of a discharge is a harsh remedy to be reserved for a truly pernicious debtor. Soft Sheet Products, Inc. vs. Johnson, 98 B.R. 359, 367 (Bankr. N.D. Ill. 1988).

WHEREFORE, Defendant prays that the Judgment be entered in favor of the Debtor in the ruling on Plaintiff's Complaint to Determine Dischargeability of Debt.

Jon Michelle Richardson,
Attorney for Defendant,
Chiquita D. Hull

Jon Michelle Richardson
Attorney for Debtor-Defendant, Chiquita D. Hull
332 South Michigan Avenue
Suite 121-J397
Chicago, Illinois 60604
jon@richardsonlawgroup.org (email)
708-623-3224 (telephone)
Attorney Code: 6183975

| American Land Title Association | ALTA Settlement Statement - Combined |
|---|---|
| | Adopted 05-01-2015 |

| | |
|---|---|
| **File No./Escrow No.:** 180125000944 | Attorneys Title Guaranty Fund, Inc. |
| **Print Date & Time:** 05/07/18 11:08 AM | **ALTA Universal ID:** 000927 |
| **Officer/Escrow Officer:** | One South Wacker Dr. |
| **Settlement Location:** Dennis G. Kral | 24th Floor |
| 18100 South Harwood | |
| Homewood, IL 60430 | |

| | |
|---|---|
| **Property Address:** | 1729 E. 86th Street Chicago, IL 60617 |
| | 1729 E. 86th Street |
| | Chicago, IL 60617 |
| **Buyer:** | Chiquita Hull |
| | 2039 N. Natchez Ave., #3N |
| | Chicago, IL 60707 |
| **Seller:** | Anthony Wright |
| | 1729 E. 86th St. |
| | Chicago, IL 60617 |
| **Lender:** | PNC Bank, N.A. |
| **Settlement Date:** | 05/07/2018 |
| **Disbursement Date:** | 05/07/2018 |
| **Additional dates per state requirements:** | |

| Seller | | Description | Borrower/Buyer | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| | | **Financial** | | |
| | $280,000.00 | Sale Price of Property | $280,000.00 | |
| | | Deposit | | $1,000.00 |
| | | Loan Amount | | $274,928.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $3,657.91 | | County Property Tax from 07/01/2017 thru 12/31/2017 | | $3,657.91 |
| $2,366.88 | | County Property Tax from 01/01/2018 thru 05/07/2018 | | $2,366.88 |
| $1,548.39 | | Rent Credit | | $1,548.39 |
| $2,000.00 | | Security Deposits | | $2,000.00 |
| | | | | |
| | | **Loan Charges to PNC Bank, N.A.** | | |
| $8,400.00 | | Closing Cost Credit | | $8,400.00 |
| | | Prepaid Interest ($33.90 per day from 05/07/2018 to 06/01/2018) | $847.50 | |
| | | | | |
| | | **Other Loan Charges** | | |
| | | Appraisal Fee $635.00 Borrower-Paid Before Closing | | |
| | | Appraisal Fee to ServiceLink | $25.00 | |
| | | Credit Report Fee $31.00 Borrower-Paid Before Closing | | |
| | | FHA Mortgage Ins. Premium to Federal Housing Authority | $4,728.50 | |
| | | Flood Certification to ServiceLink National Flood | $5.00 | |
| | | Tax Service Fee $24.00 Paid by PNC Bank, N.A. | | |
| | | | | |

**EXHIBIT**

tabbies

**A**

Copyright 2015 American Land Title
All rights reserved.

Page 1 of 4

File # 180125000944
Printed on: 05/07/18 11:08 AM

## RENT ROLL

Property located at:     1729 E. 86th Street, Chicago, IL

|  | Rent | Security Deposit |  |
|---|---|---|---|
| Ida Mae Williams | $950.00 | $950.00 | Unit 3 |
| Charlene Carter | $1,050.00 | $1,050.00 | Unit 2 |

SELLER                                         Date:

BUYER:                                         Date:

From: **Junk King Site** no-reply@junk-king.com
Subject: Junk King Service Receipt JK2561042
Date: July 5, 2018 at 11:35 AM
To: chull@ow2realty.com





## *THANK YOU!*



Appt Date: 7/05/2018
Total:      $4,618.00

Thank you for choosing Junk King for your junk removal needs, it's been our pleasure to serve you! If you have any questions, please call us at 1.888.888.JUNK (5865) or email us at callcenter@junk-king.com.

| | |
|---|---|
| Job #: | JK2561042 |
| Date: | 7/05/2018 |
| Name: | Chiquita Hull |
| Address: | 1729 E. 86th Street  Chicago, IL 60617 (APT 2/3) |
| Phone: | (312) 869-1887 |
| Junk Removal, Minimum load(s): | $4,618.00 |
| Check, #6072: | $4,618.00 |

Thanks again for your business.

The Junk King promise is to treat every customer like royalty. We would love to know more about your thoughts on our recent service. Your feedback is important to us as we've worked really hard to ensure you received the royal treatment. If you have a second, please give us a review.

Give a review

Junk King Chicago Downtown
3333 West Harrison Street
Chicago, IL 60624
(312) 827-2717



EXHIBIT
B

District 1

## Case Summary

### Case No. 20201109839

| | | |
|---|---|---|
| **CHARLENE CARTER -vs- CHIQUITA HULL, OW2 REALTY LLC** | § | Location: **District 1** |
| | § | Judicial Officer: **Courtroom, 1401** |
| | § | Filed on: **06/19/2020** |
| | § Cook County Attorney Number: | **38025** |
| | § Cook County Attorney Number: | **63202** |
| | § Cook County Attorney Number: | **38095** |
| | § Cook County Attorney Number: | **99500** |
| | § Cook County Attorney Number: | **64703** |

---

## Case Information

File Date  06/19/2020

**Cause of Action**     **Description/Remedy**          Case Type:  Statutory Action Complaint - Small Claims - Jury
Ad Damnum               Action                          Case Status:  **03/31/2022  Disposed**
                        $4,200.00 Amount Claimed

**Statistical Closures**
03/26/2021  Disposed
03/31/2022  Disposed

---

## Assignment Information

**Current Case Assignment**
Case Number      20201109839
Court            District 1
Date Assigned    06/19/2020
Judicial Officer Courtroom, 1401

---

## Party Information

*Lead Attorneys*

**Plaintiff**   **CARTER, CHARLENE**            **FENSTERMAKER, JOAN M**
                STREET NOT PROVIDED             *Retained*
                CITY NOT PROVIDED, IL 606010001 312-371-6473(W)
                                                312-371-6473(H)
                                                77 W WASHINGTON #1020
                                                CHICAGO, IL 60602

**Defendant**   **HULL, CHIQUITA**
                STREET NOT PROVIDED
                CITY NOT PROVIDED, IL 606010001

                **JPMORGAN CHASE**              **Pro Se**

                **OW2 REALTY LLC**
                STREET NOT PROVIDED
                CITY NOT PROVIDED, IL 99999

---

## Events and Orders of the Court

10/20/2023   Notice Of Bankruptcy Filed
             *Notice of Bankruptcy Filed*

EXHIBIT
C

## Case Summary

### Case No. 20201109839

|  | Party:  Defendant HULL, CHIQUITA |
|---|---|

**10/20/2023**    Notice Filed
     Party:  Defendant HULL, CHIQUITA

**09/18/2023**    Notice Filed
     *Notice of Subpoena*
     Party:  Plaintiff CARTER, CHARLENE

**08/24/2023**    Subpoena Filed
     *Subpoena for Documents*
     Party:  Plaintiff CARTER, CHARLENE

**08/07/2023**    Attachment To Issue   (Judicial Officer: Morrissey, Thomas A.)
     Party:  Defendant HULL, CHIQUITA

**08/04/2023**    **Citation Hearing** (9:30 AM)  (Judicial Officer: Morrissey, Thomas A.)
     Resource: Location CV1401 Court Room 1401
     Resource: Location D1 Richard J Daley Center

**06/28/2023**    Rule Continued
     Party:  Defendant HULL, CHIQUITA

**06/28/2023**    Case Assigned to Zoom Hearing - Allowed   (Judicial Officer: Morrissey, Thomas A.)

**06/28/2023**    Order Plaintiff, Defendant Or Witness To Appear - Allowed -
     Party:  Defendant HULL, CHIQUITA

**06/28/2023**    Citation Continued
     Party:  Defendant HULL, CHIQUITA

**06/28/2023**    Produce Exhibits Other Records Or Docmnts Or Person-Allowed
     Party:  Defendant HULL, CHIQUITA

**06/28/2023**    Comply - Allowed -
     Party:  Defendant HULL, CHIQUITA

**06/28/2023**    **Citation Hearing** (9:30 AM) (Judicial Officer: Morrissey, Thomas A.)
     Resource: Location CV1401 Court Room 1401
     Resource: Location D1 Richard J Daley Center

**06/06/2023**    Notice Filed
     *Notice of Citation to Discover Assets*
     Party:  Plaintiff CARTER, CHARLENE

**06/06/2023**    Electronic Notice Sent
     Party:  Plaintiff CARTER, CHARLENE
     Party 2:  Attorney FENSTERMAKER, JOAN M

**05/31/2023**    Third Party Citation Issued and Returnable
     *Citation to Discover Assets to a Third Party*
     Party:  Plaintiff CARTER, CHARLENE

**05/31/2023**    Rule To Show Cause Filed
     *Rule to Show Cause for Non-Response to Citation - Chiquita Hull*
     Party:  Plaintiff CARTER, CHARLENE

**05/31/2023**    Rule To Show Cause Filed
     *Rule to Show Cause for Non-Response to Citation - Constance Hull*
     Party:  Plaintiff CARTER, CHARLENE

**05/25/2023**    Rule To Show Cause Be Issued   (Judicial Officer: Morrissey, Thomas A.)

     Printed on 02/14/2024 at 3:40 AM

## Case Summary

### Case No. 20201109839

Party:  Defendant HULL, CHIQUITA;
        Defendant OW2 REALTY LLC

05/25/2023
Case Assigned to Zoom Hearing - Allowed      (Judicial Officer: Morrissey, Thomas A.)

05/24/2023
Memorandum Filed
*Certificate of Compliance with Required Remote Procedures*

05/08/2023
Notice Filed
*Notice of Citation to Discover Assets*
Party:  Plaintiff CARTER, CHARLENE

05/08/2023
Answer Filed
Party:  Plaintiff CARTER, CHARLENE

05/08/2023
Answer To Interrogatories Filed
Party:  Defendant HULL, CHIQUITA

04/28/2023
Third Party Citation Issued and Returnable
*Citation to Discover Assets to a Third Party*
Party:  Plaintiff CARTER, CHARLENE

04/19/2023  **Motion Hearing**  (10:00 AM)  (Judicial Officer: Allegretti, John Michael)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

03/17/2023
Alias Citation - Issued And Returnable
*Citation to Discover Assets to a Third Party*
Party:  Plaintiff CARTER, CHARLENE

03/16/2023
Order For Special Service-Allowed      (Judicial Officer: Morrissey, Thomas A.)
Party:  Plaintiff CARTER, CHARLENE

03/16/2023
Subpoena Filed
*Subpoena for Documents*
Party:  Plaintiff CARTER, CHARLENE

03/16/2023
Alias Citation - Issued And Returnable
*Citation to Discover Assets TO JUDGMENT DEBTOR*
Party:  Plaintiff CARTER, CHARLENE

03/15/2023
Motion Filed
*EX PARTE Motion for Service by Special Order of Court*
Party:  Plaintiff CARTER, CHARLENE

01/10/2023
Third Party Citation Issued and Returnable
*Citation to Discover Assets to a Third Party*
Party:  Plaintiff CARTER, CHARLENE

01/10/2023
Citation To Discover Assets Issued
Party:  Plaintiff CARTER, CHARLENE

10/03/2022
Notice Of Filing Filed
*Notice of Filing*
Party:  Defendant HULL, CHIQUITA

10/03/2022
Answer To Citation Filed

Printed on 02/14/2024 at 3:40 AM

## Case Summary

### Case No. 20201109839

*Answer of Third Party Respondent Citation*
Party:   Defendant HULL, CHIQUITA

09/08/2022   Citation To Discover Assets Issued
*Citation to Discover Assets to a Third Party*

06/16/2022   Answer Filed

06/08/2022   Notice Filed
*Notice of Citation to Discover Assets*

05/31/2022   Third Party Citation Issued and Returnable
*Citation to Discover Assets to a Third Party*

05/13/2022   Subpoena - Retd Service By Mail -
*5.3.2022 Subpoena*

05/05/2022   Notice Filed
*Notice of Citation - Carter*

05/03/2022   Subpoena Filed
*Subpoena for Documents*

04/28/2022   Citation To Discover Assets Issued
*Citation to Discover Assets to a Third Party*

04/28/2022   Notice Of Change Of Office Filed
*Notice of Change of Address - Carter*

03/31/2022   Judgment For Plaintiff    (Judicial Officer: Simon, John A.)
*$8,719.06*
Party:   Attorney FENSTERMAKER, JOAN M;
Plaintiff CARTER, CHARLENE
Party 2:   Defendant HULL, CHIQUITA;
Defendant OW2 REALTY LLC

03/21/2022   Petition Filed
*Fee Petition*

03/18/2022   Strike From Motion Call - Allowed    (Judicial Officer: Simon, John A.)

03/18/2022   **Progress Hearing**  (9:30 AM)  (Judicial Officer: Courtroom, 1501)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

03/09/2022   **Motion Hearing**  (10:00 AM)  (Judicial Officer: Simon, John A.)
Resource: Location CV1501 Court Room 1501
Resource: Location D1 Richard J Daley Center

02/10/2022   Motion Filed
*Motion to Withdraw as Attorney of Record*

02/10/2022   Notice Of Motion Filed
*NOM*

02/09/2022   Motion Filed
*Motion for Default*

## Case Summary

### Case No. 20201109839

02/09/2022
Notice Of Motion Filed
*Notice of Motion for Default*

12/17/2021
Appearance Filed - Fee Paid -
*Appearance*

12/06/2021
Affidavit Of Service Filed
*Affidavit of Service.jmf with exhibits - CC*

11/24/2021
Affidavit Of Service Filed
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

11/12/2021
Appoint Special Deputy - Allowed -     (Judicial Officer: Simon, John A.)
*    Litigant: 117001863*

11/12/2021
Case Set On Progress Call     (Judicial Officer: Simon, John A.)
*    Court Room: 1501 Court Time: 930*
    Date 2:  03/18/2022
    Party:  Plaintiff CARTER, CHARLENE

11/05/2021
Affidavit Filed
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

11/05/2021
Report Or Record Of Proceedings Filed
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

11/02/2021
Alias Summons Issued And Returnable
*    Court Room: 1501 Filing Fee: $6.00*
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

10/26/2021
Motion To - Allowed -     (Judicial Officer: Ayala-Gonzalez, Laura)
    Party:  Plaintiff CARTER, CHARLENE

10/26/2021
Order For Special Service-Allowed     (Judicial Officer: Ayala-Gonzalez, Laura)
    Party:  Plaintiff CARTER, CHARLENE

10/06/2021
Notice Of Motion Filed
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

10/06/2021
Motion Filed
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

10/06/2021
Motion Scheduled
*    Court Room: 1501 Court Time: 1030*
    Date 2:  10/26/2021
    Party:  Plaintiff CARTER, CHARLENE
    Party 2:  Attorney FENSTERMAKER, JOAN M

08/09/2021
Alias Summons Issued And Returnable
*    Court Room: 1501 Filing Fee: $6.00*
    Party:  Plaintiff CARTER, CHARLENE

Printed on 02/14/2024 at 3:40 AM

## Case Summary

**Case No. 20201109839**

Party 2:  Attorney FENSTERMAKER, JOAN M

07/30/2021   
Appoint Special Deputy - Allowed -    (Judicial Officer: Simon, John A.)
Party:  Plaintiff CARTER, CHARLENE

07/30/2021   
Case Set On Progress Call    (Judicial Officer: Simon, John A.)
*Court Room: 1501 Court Time: 930*
Date 2:  11/12/2021
Party:  Plaintiff CARTER, CHARLENE

07/23/2021   
Report Or Record Of Proceedings Filed
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

07/21/2021   
Affidavit Of Service Filed
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

07/02/2021   
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

07/02/2021   
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

04/14/2021   
Appoint Special Deputy - Allowed -    (Judicial Officer: Simon, John A.)
*Litigant: 115002035*

04/14/2021   
Motion To - Allowed -    (Judicial Officer: Simon, John A.)
Party:  Plaintiff CARTER, CHARLENE

04/14/2021   
Case Set On Progress Call    (Judicial Officer: Simon, John A.)
*Court Room: 1501 Court Time: 930*
Date 2:  07/30/2021
Party:  Plaintiff CARTER, CHARLENE

04/14/2021   
Vacate Judgment/Dismissal - Allowed    (Judicial Officer: Simon, John A.)
Order Date:  03/26/2021
Party:  Plaintiff CARTER, CHARLENE

04/01/2021   
Motion To Vacate, Modify/Reinstate Final Order/Judgment < Or = 30 Days
*Filing Fee: $60.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

04/01/2021   
Notice Of Motion Filed
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

04/01/2021   
Motion Scheduled
*Court Room: 1501 Court Time: 1030*
Date 2:  04/14/2021
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

District 1

## Case Summary

### Case No. 20201109839

03/31/2021
Electronic Notice Sent
*Litigant: FENSTERMAKER JOAN*
Party 2:  Attorney FENSTERMAKER, JOAN M

03/26/2021  Dismissed For Want Of Prosecution    (Judicial Officer: Simon, John A.)
Date 2:  03/26/2021
Party:  Plaintiff CARTER, CHARLENE

03/18/2021
Exhibits Filed
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

03/16/2021
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

03/16/2021
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

01/26/2021
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

01/26/2021
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

12/18/2020
Appoint Special Deputy - Allowed -    (Judicial Officer: McKenna, Scott D)
*Litigant: 115002035*

12/18/2020
Case Set On Progress Call    (Judicial Officer: McKenna, Scott D)
*Court Room: 1501 Court Time: 930*
Date 2:  03/26/2021
Party:  Plaintiff CARTER, CHARLENE

12/11/2020
Exhibits Filed
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

10/29/2020
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

10/29/2020
Alias Summons Issued And Returnable
*Court Room: 1501 Filing Fee: $6.00*
Party:  Plaintiff CARTER, CHARLENE
Party 2:  Attorney FENSTERMAKER, JOAN M

09/29/2020  Strike Or Withdraw Motion Or Petition - Allowed -    (Judicial Officer: Brooks, Lloyd James)
Party:  Plaintiff CARTER, CHARLENE

09/18/2020
Alias Summons Issued And Returnable

Printed on 02/14/2024 at 3:40 AM

## Case Summary

### Case No. 20201109839

| | |
|---|---|
| | *Court Room: 1501 Filing Fee: $6.00*<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 09/18/2020 | Alias Summons Issued And Returnable<br>*Court Room: 1501 Filing Fee: $6.00*<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 09/15/2020 | Appoint Special Deputy - Allowed -    (Judicial Officer: Brooks, Lloyd James)<br>*Litigant: 115002035* |
| 09/15/2020 | Case Set On Progress Call    (Judicial Officer: Brooks, Lloyd James)<br>*Court Room: 1501 Court Time: 930*<br>Date 2:   12/18/2020<br>Party:   Plaintiff CARTER, CHARLENE |
| 09/11/2020 | Exhibits Filed<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 09/09/2020 | Motion Scheduled<br>*Court Room: 1501 Court Time: 1030*<br>Date 2:   09/29/2020<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 09/09/2020 | Motion For Appointment Of Special Process Server Filed<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 08/28/2020 | Summons Returned - N.S. Reason: No Contact<br>Date Served:   08/24/2020<br>Party:   Defendant HULL, CHIQUITA |
| 07/01/2020 | Electronic Notice Sent<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 07/01/2020 | Case Set On Status Call    (Judicial Officer: Schneider, Catherine)<br>*Litigant: HULL CHIQUITA Court Room: 1501 Court Time: 930*<br>Date 2:   09/21/2020 |

**Cause of Action**
Action Type

| | |
|---|---|
| 06/19/2020 | Statutory Action Complaint Filed - Jury Demand<br>*Litigant: HULL CHIQUITA Court Room: 1501 Court Time: 930 Filing Fee: $391.50 Jury Code: 1*<br>Date 2:   09/02/2020<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 06/19/2020 | Summons Issued And Returnable<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |
| 06/19/2020 | Summons Issued And Returnable<br>Party:   Plaintiff CARTER, CHARLENE<br>Party 2:   Attorney FENSTERMAKER, JOAN M |

## Case Summary

**Case No. 20201109839**

| 06/19/2020 | If Served, File An Appearance In Room 602 On Or Before ======> |
|---|---|
| | Date 2:  09/02/2020 |
| | Party:  Defendant HULL, CHIQUITA |

| 06/19/2020 | If Served, File An Appearance In Room 602 On Or Before ======> |
|---|---|
| | Party:  Plaintiff CARTER, CHARLENE |

| 06/19/2020 | If Served, File An Appearance In Room 602 On Or Before ======> |
|---|---|
| | Party:  Plaintiff CARTER, CHARLENE |

| 06/19/2020 | Return Date |
|---|---|
| | Return Date:  09/02/2020 |

| 06/19/2020 | New Case Filing |
|---|---|

3/31/22 C 2pm

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

CHARLENE CARTER
    Plaintiff,

v.

                            Case No. 2020-M1-1098349

CHIQUITA HULL and OW2 REALTY LLC
    Defendants.

### ORDER

THIS MATTER COMING to be heard for Prove up after Default, pursuant to prior Order of Court, due notice having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. On Count I of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff CHARLENE CARTER and against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $3,150.00 (which includes the return of Plaintiff's security deposit) pursuant to Section 5-12-080 of the RLTO;

2. On Count II of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff CHARLENE CARTER and against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $1,050.00 pursuant to Section 5-12-090 of the RLTO;

3. On Count III of Plaintiff's Complaint, Judgment is entered in favor of Plaintiff CHARLENE CARTER and against Defendants CHIQUITA HULL and OW2 REALTY LLC, but no additional damages are awarded, as such damages would be duplicative.

4. The hourly rates of Plaintiffs' attorneys are found to be reasonable;

5. The Individual time entries for which Plaintiff's attorneys seek compensation are found to be necessary and reasonable;

6. Judgment is granted in favor of Plaintiff CHARLENE CARTER and against Defendants CHIQUITA HULL and OW2 REALTY LLC in the amount of $3,700.00 in attorney's fees and $819.06 in Court Costs; and

7. The total judgment is $8,719.06. This is a final order.

                        Dated:         Associate Judge John A. Simon

                        E N T E R:         MAR 31 2022

                        Judge Circuit Court - 2273   Judge's No.

**EXHIBIT**

**D**

Page 1 of 2

Joan M. Fenstermaker
Nicholas Bailey
JOAN M. FENSTERMAKER, P.C.
77 W. Washington Street; Suite 1020
Chicago, Illinois 60602
(312) 371-6473
joanfenstermaker@gmail.com
Attorney No. 38025

DocuSign Envelope ID: 5D2C7796-E2EA-4FED-A6ED-78A16E145DAC
Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501
System Generated Hearing Date: 3/9/2022 10:00 AM
Location: Court Room 1501
Judge: Simon, John A.

FILED DATE: 2/10/2022 1:31 PM   20201109839

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST MUNICIPAL DISTRICT**

#63202
FILED
2/10/2022 1:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20201109839
Courtroom, 1501
16660664

|  |  |
|---|---|
| **Charlene Carter,** | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| **Chiquita Hull** *et al.*, | ) |
| | ) |
| Defendant, | ) |

Case No. 2020 M1 109839

## VERIFIED AND UNOPPOSED MOTION TO WITHDRAW AS ATTORNEY OF RECORD

**NOW COME** the attorneys, **Wolff Legal** ("Petitioner"), as the attorneys of record for the Defendant, **Chiquita Hull** ("Hull"), and pursuant to Illinois Supreme Court Rule 13 it respectfully requests that this Honorable Court enter an order granting them leave to withdraw as the attorneys of record for Hull *instanter*. In support thereof, Petitioner states as follows:

### LEGAL STANDARD

1.  A lawyer may withdraw from representing a client if (i) withdrawal can be accomplished without material adverse effect on the interests of the client, (ii) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, and (iii) if other good cause for withdrawal exists. *See* Ill. Sup. Ct. R. Prof'l Conduct, R 1.16.

2.  "An attorney may not withdraw his or her appearance for a party without leave of court and notice to all parties of record." *See* Ill. Sup. Ct., R 13(c)(2). "The motion for leave to withdraw shall be in writing and, unless another attorney is substituted, shall state the last known address(es) of the party represented." *Id.* § (c)(3).

3.  "Unless another attorney is substituted, the attorney must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw, by personal service, certified mail, or a third-party carrier, directed to the party represented at the party's last known business or residence address." *Id.* § (c)(2). "Alternatively, the attorney may give such notice electronically, if receipt is

DocuSign Envelope ID: 5D2C7796-E2EA-4FED-A6ED-78A16F145DAC

FILED DATE: 2/10/2022 1:31 PM  20201109839

acknowledged by the party." *Id*. "Such notice shall advise said party that to insure notice of any action in said cause, the party should retain other counsel therein or file with the clerk of the court, within 21 days after entry of the order of withdrawal, a supplementary appearance stating therein an address to which service of notices or other documents may be made." *Id*.

## ARGUMENT

1.  Hull retained Petitioner for legal representation through litigation in the above-captioned case. As of approximately February 1, 2022, Hull no longer desires Petitioner's litigation advocacy to defend and prosecute claims in this case. Petitioner therefore seeks leave to withdraw its appearance.

2.  Petitioner's withdrawal as attorney of record for Hull can be accomplished without any material adverse effects on her interests. This case is still at its inception and no answer or responsive pleading has been filed. More importantly, this motion is based on Hull's request.

3.  In compliance with Illinois Supreme Court Rule 13(c)(2), Wolff Legal gave Hull reasonable notice of the time and place of the presentation of this motion for leave to withdraw via electronic mail.

4.  By way of this motion and its notice of motion, Petitioner gave Hull notice and advised her that to insure notice of any action in this case, she should retain other counsel or file with the clerk of the court, within 21 days after entry of the order of withdrawal, a supplementary appearance stating therein an address to which service of notices or other documents may be made (*see* Ill. Sup. Ct., R 13(c)(2)). Furthermore, that in the case of Hull's failure to file such supplementary appearance, subsequent notices and filings shall be directed to her at her last known business or residence address (*see* Ill. Sup. Ct., R 13(c)(5)).

5.  Notably, Hull does not oppose this motion and has consented to the waiver of the 21-day period.

DocuSigned by:

Chiquita Hull

Feb 10, 2022

Date

DocuSign Envelope ID: 5D2C7790-E2EA-4FED-ABED-78A16E145DAC

FILED DATE: 2/10/2022 1:31 PM 20201109839

6. In compliance with Illinois Supreme Court Rule 13(c)(3), Petitioner states that Hull's last known address is: 1900 South Clark Street, Unit #408, Chicago, Illinois 60616.

## CONCLUSION

7. For these reasons, Petitioner should be permitted to withdraw as attorney of record for Hull.

WHEREFORE, the attorneys, **Wolff Legal**, as and for the attorneys of record for Defendant, **Chiquita Hull**, respectfully request that this Honorable Court enter an order granting them leave to withdraw as the attorneys of record for Hull *instanter.*

Respectfully submitted,

**Wolff Legal,** *Petitioner*

*/s/ Mark A. Wolff*
Mark A. Wolff
Attorney for Defendant

**Attorney #: 63202**
Mark A. Wolff
Wolff Legal
900 W. Jackson Blvd., Ste. 5E
Chicago, Illinois 60607
Ph: (312) 733-3319 ♦ Fx: (312) 733-3001
mwolff@wolff-legal.com

---

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. *See* 735 ILCS 5/1-109.

*/s/ Mark A. Wolff*
Wolff Legal, *Movant*
By: Mark A. Wolff

Page 3 of 3

Filer Selected Hearing Date: 3/9/2022 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501
System Generated Hearing Date: 3/9/2022 10:00 AM
Location: Court Room 1501
Judge: Simon, John A.

FILED
2/9/2022 4:59 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20201109839
Courtroom, 1501
16648212

FILED DATE: 2/9/2022 4:59 PM 20201109839

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| CHARLENE CARTER, | |
| Plaintiff, | |
| | |
| v. | Case No. 2020-M1-109839 |
| | |
| CHIQUITA HULL AND OW2 REALTY LLC, | |
| Defendants. | |

### MOTION FOR DEFAULT

NOW COMES the Plaintiff, CHARLENE CARTER, by and through her attorneys, JOAN M. FENSTERMAKER, P.C., and, pursuant to 735 ILCS 5/2-1301(d), moves this Honorable Court for an Order of Default against Defendants CHIQUITA HULL and OW2 REALTY LLC. In support of this Motion, Plaintiff states as follows:

1. Plaintiff's Verified Complaint in this cause was filed on June 19, 2020.

2. After the Sheriff and the special process server appointed by this Court were unable to serve Defendant, the Court granted Plaintiff's motion for leave to serve Defendant Hull by regular mail, certified mail and posting on October 26, 2021 pursuant to 735 ILCS 5/2-203.1.

3. Service was effectuated upon Defendant OW2 Realty LLC via the Secretary of State. The Affidavit of Compliance for Service on Secretary of State is attached hereto as Exhibit "A."

4. On November 18, 2021, service was effectuated upon Defendant Hull in accordance with this Court's October 26, 2021 Order. A copy of the Affidavit of Service is attached hereto as Exhibit "B."

FILED DATE: 2/9/2022 4:59 PM 20201109839

5. CHIQUITA HULL has actual notice of this proceedings, having filed her Appearance, through counsel, on December 17, 2021. Defendant OW2 Realty (of which Defendant CHIQUITA HULL is the Manager) has filed no Appearance.

6. Counsel for Defendant Hull initially agreed to file Hull's responsive pleading to Plaintiff's Complaint by January 20, 2022. On January 20, 2022, Defendant Hull's counsel requested an additional days to file a responsive pleading so that the parties could explore settlement, to which Plaintiff's counsel agreed.

7. After being unable to resolve this matter, Defendant Hull's counsel indicated that Defendants intended to allow an order of default to be entered against them.

8. The Answer of Defendant CHIQUITA HULL is now long past due, and there is no indication it will be forthcoming.

WHEREFORE, Plaintiff, CHARLENE CARTER, prays this Honorable Court to enter an Order of Default against Defendants CHIQUITA HULL and OW2 REALTY LLC for their failure to file their Answer and Appearance, respectively.

Plaintiff, CHARLENE CARTER, by and though her attorneys, JOAN M. FENSTERMAKER,P.C.

By: *Nicholas Bailey*

Joan M. Fenstermaker
Nicholas W. Bailey
JOAN M. FENSTERMAKER,P.C.
77 W. Washington, Suite 1020
Chicago, Illinois 60602
(312) 371-6473
email: joanfenstermaker@gmail.com
Attorney No. 38025