UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-13747 |
| CHIQUITA D. HULL ) | |
| ) | Chapter 7 |
| Debtor, ) | |
| ) | Adversary Proceeding No. |
| CHARLENE CARTER, ) | 24-00011 |
| ) | |
| Plaintiff, ) | |
| ) | |
| CHIQUITA D. HULL, ) | |
| Defendant. ) | |

**MOTION TO COMPEL DISCOVERY**

NOW COMES THE Adversary Plaintiff, CHARLENE CARTER ("CARTER"), by counsel, JOAN M. FENSTERMAKER, PC, and moving to compel the production of discovery served on the Adversary Defendant in this case, states as follows:

1. On September 3, 2024, the Plaintiff served written discovery on the Defendant including a Request for Production and Interrogatories. Copies of this discovery are attached to and incorporated into this Motion as Group Exhibit "A."

2. On October 3, 2024 Defendant filed answers to Interrogatories and Requests to admit.

3. As of the filing of this Motion, Defendant has made no responses to the Requests for Production of Documents.

4. Defendant's answers to the Interrogatories and Requests to admit are largely evasive or obstructionist, and provide almost no response to Plaintiff's legitimate discovery.

Defendant's answers to the Interrogatories and Requests to admit are attached hereto as Exhibits A and B, respectively.

5. On October 7, 2024, Counsel for Plaintiff contacted Defendant to attempt to resolve the deficiencies in Defendant's discovery without court intervention.

6. Defendant responded the same day, doubling down on her intention not to comply with discovery absent a Court order. A copy of Defendant's response is attached hereto as "Exhibit C".

7. After a good faith attempt to resolve differences as aforesaid, the Plaintiff has been unable to obtain discovery compliance.

WHEREFORE, the Plaintiff, CHARLENE CARTER, respectfully requests that this Honorable Court compel the Defendant to fully and properly respond to the outstanding discovery referenced in this Motion by a date certain.

**CHARLENE CARTER:**

By:  /s/   Nicholas Bailey
Attorney for Plaintiff

Joan M Fenstermaker ARDC No. 6224898
Nicholas W Bailey ARDC No. 6318410
JOAN M. FENSTERMAKER, P.C.
77 West Washington Street, Suite 1601
Chicago, Illinois 60602
(312) 371-6473
joanfenstermaker@gmail.com
Attorney No. 38025

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE: )
) Case No. 23-13747
CHIQUITA D. HULL )
) Chapter 7
Debtor, )
) Adversary Proceeding No.
CHARLENE CARTER, ) 24-00011
)
Plaintiff, )
) Honorable Donald R. Cassling
CHIQUITA D. HULL, )
Defendant. )

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 02 2024
JEFFREY P. ALLSTEADT, CLERK

## DEFENDANTS ANSWERS TO INTERROGATORIES

1. With respect to the Tenant's security deposit:

   i. State the name and address of each financial institution where it has been or is held. **Objection - Not Applicable Under RLTO § 5-12-020(a)** there is no RLTO coverage if the landlord BOTH lives in the building AND there are six or fewer units in the building. This is the "owner-occupied" exclusion.

   ii. State the account number at each financial institution where it has been or is held. **Objection - Not Applicable Under RLTO § 5-12-020(a)** there is no RLTO coverage if the landlord BOTH lives in the building AND there are six or fewer units in the building. This is the "owner-occupied" exclusion.

   iii. State the time period it was or is held in each account. **Objection - Not Applicable Under RLTO § 5-12-020(a)** there is no RLTO coverage if the landlord BOTH lives in the building AND there are six or fewer units in the building. This is the "owner-occupied" exclusion.

2. Full Security deposit not return due to condition of unit upon departure per residential lease. Trash and furnishings remained in the home, and several rooms in each unit were different colors. **(See Exhibit A & B)**

3. With Respect to each of the following properties:

   11334 S. CHURCH STREET, CHICAGO, IL
   8643 S EUCLID AVE, CHICAGO, IL
   7711 S RIDGELAND AVE, CHICAGO, IL

   State:

   a) Defendant's relationship to each property. **Objection** - Information requested for each property is not relevant to the Plaintiffs claim for relief. Plaintiff claims fraud, in which she must prove that the occurrence of fraud created the debt and that Defendant intended to defraud Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

   b) The source of the funds used as a down payment for each property. **Objection** - Information requested for each property is irrelevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018

    c) The monthly mortgage payment for each property. **Objection** - Information requested for each property is not relevant to the Plaintiffs claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A)This debt was created in 2018.

    d) The source of the funds used to pay the mortgage for each property. **Objection** - Information requested for each property is not relevant to the Plaintiffs claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

    e) The current utilization of each property. **Objection** - Information requested for each property is not relevant to the Plaintiffs claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018

    f) The Names and monthly rental rates for any renter of each property. **Objection** - Information requested for each property not relevant to Plaintiffs claim for relief. Plaintiff claims fraud which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and the Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

4. List all LLCs or other entities in which Defendant has an interest (be it manager, agent, principal, owner, or member), the nature of that interest, whether the entity is active or inactive, and if they are active, their activities and assets. **Objection** – The information requested is not relevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

5. Has Defendant ever received service-connected disability compensation from the United States Department of Veterans Affairs? If so, does Defendant still receive such compensation, and how much. If Defendant no longer receives any such compensation, when was it stopped and why? **Objection** – The information requested is not relevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a) (2)(A) This debt was created in 2018.

6. The Defendant does not own any real estate in Texas.

7. Has Defendant registered a company in Texas at any time since 2021? **Objection** – The information requested is not relevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

8. What are the activities and assets of OW2 Construction Group, LLC? **Objection** – The information requested i s not relevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

9. What are the activities and assets of Hull + Wilson Development, LLC? **Objection** – The information requested i s not relevant to the Plaintiff's claim for relief. Plaintiff claims fraud, which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018.

10. What is Defendant's relationship to Dominique Bobo-Hull? Where does she reside? **Objection** - The information requested i s not relevant to the Plaintiffs claim for relief. Plaintiff claims fraud , which she must prove that fraud actually occurred, the occurrence of said fraud created the debt, and that Defendant intended to defraud the Plaintiff when the debt was created. 11 U.S.C.A 523(a)(2)(A) This debt was created in 2018

                                                            Defendant , Chiquita D. Hull

                                                        By: _____

Chiquita D. Hull
1729 E. 86th Street
Chicago, IL 60617
(312) 975-6105
chiquita_hull@yahoo.com
Pro Se

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-13747 |
| CHIQUITA D. HULL ) | |
| ) | Chapter 7 |
| Debtor, ) | |
| ) | Adversary Proceeding No. |
| CHARLENE CARTER, ) | 24-00011 |
| ) | |
| Plaintiff, ) | |
| ) | Honorable Donald R. Cassling |
| CHIQUITA D. HULL, ) | |
| Defendant. ) | |

## REQUEST TO ADMIT FACTS

**WARNING: IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY RULE 36 WITHIN 30 DAYS AFTER YOU ARE SERVED WITH THIS PAPER, ALL THE FACTS SET FORTH IN THE REQUESTS WILL BE DEEMED TRUE AND ALL THE DOCUMENTS DESCRIBED IN THE REQUESTS WILL BE DEEMED GENUINE.**

NOW COMES the Plaintiff, Charlene Carter (sometimes hereinafter referred to as "Tenant"), by and through her attorneys, JOAN M. FENSTERMAKER, P.C., pursuant to Federal Rule of Civil Procedure 36, and requests that Defendant, CHIQUITA HULL, (sometimes hereinafter referred to as "Landlord") admit to the truth of the facts set forth below and admit the genuineness of the documents described below.

1. When Defendant purchased the property at 1729 East 86th Street, Chicago, Illinois (hereinafter the "Property") she received a credit in the amount of $1,050.00 for Plaintiff's security deposit (the "Security Deposit").

2. Defendant never held the Security Deposit in a separate account separate from her other funds.

3. After purchasing the Property, Defendant used it for her personal residence and as her mother's residence.

4. Prior to residing in the unit Defendant gutted the Property and rehabbed the dwelling spaces.

5. The Property was rehabbed to a high level of finish.

6. Defendant used Plaintiff's security deposit funds as part of the money spent rehabbing the Property.

7. Defendant used photographs of the rehab of the Property to promote her development company.

-2-

**EXHIBIT B**

8. In 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 11334 South Church Street, Chicago Illinois.

9. In 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 8643 South Euclid Avenue, Chicago Illinois.

10. In 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 7711 South Ridgeland Avenue, Chicago Illinois.

11. On January 31, 2024, OW2 Construction Group, LLC filed an annual report with the Illinois Secretary of State, listing Defendant CHIQUITA HULL as the only manager or member of the LLC having authority of Manager.

Plaintiff, Charlene Carter by and through attorneys, JOAN M. FENSTERMAKER, P.C.

By: *Nicholas Bailey*

Joan M. Fenstermaker
JOAN M. FENSTERMAKER, P.C.
77 West Washington Suite 1601
Chicago, Illinois 60602
(312) 371-6473
joanfenstermaker@gmail.com
Attorney No. 38025

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-13747 |
| CHIQUITA D. HULL ) | |
| ) | Chapter 7 |
| Debtor, ) | |
| ) | Adversary Proceeding No. |
| CHARLENE CARTER, ) | 24-00011 |
| ) | |
| Plaintiff, ) | |
| ) | Honorable Donald R. Cassling |
| CHIQUITA D. HULL, ) | |
| Defendant. ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 02 2024
JEFFREY P. ALLSTEADT, CLERK

### DEFENDANTS ANSWER TO INTERROGATORIES

**Defendant, Chiquita D. Hull, answers the Interrogatories by Plaintiff, Charlene Carter, as follows**

1. Not Applicable Under RLTO § 5-12-020(a)

2. Not Applicable Under RLTO § 5-12-020(a)

3. Not Applicable Under RLTO § 5-12-020(a)

4. Defendant Admits to rehabbing dwelling space. Defendant denies not living in the unit prior to first renovation.

5. Defendant Admits property was renovated

6. Defendant Denies using Plaintiffs money rehabbing property.

7. Defendant Admits using recent photographs of the second rehab to building to pro,ote development company

8. Defendant neither admits nor denies that in 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 11334 South Church Street, Chicago Illinois. Information not relevant to Plaintiffs claim for relief. Plaintiff claims fraud which she must prove that the Defendant intended to defraud the Plaintiff when the debt was created. This debt was created in 2018.

9. Defendant neither admits nor denies that 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 8643 South Euclid Avenue, Chicago Illinois. Information not relevant to Plaintiffs claim for relief. Plaintiff claims fraud which she must prove that the Defendant intended to defraud the Plaintiff when the debt was created. This debt was created in 2018.

10. Defendant neither admits nor denies that 2023, Defendant, through her company OW2 Construction Group, LLC, took out a mortgage and purchased the property at 7711 South Ridgeland Avenue, Chicago Illinois. Information not relevant to Plaintiffs claim for relief. Plaintiff claims fraud which she must prove that the Defendant intended to defraud the Plaintiff when the debt was created. This debt was created in 2018.

11. Defendant neither admits nor denies that in January 31, 2024, OW2 Construction Group, LLC filed an annual report with the Illinois Secretary of State, listing Defendant CHIQUITA HULL as the only manager or member of the LLC having authority of Manager. Information not relevant to Plaintiffs claim for relief. Plaintiff claims fraud which she must prove that the Defendant intended to defraud the Plaintiff when the debt was created. This debt was created in 2018.

Defendant, Chiquita D. Hull

By: *Chiquita D. Hull*

Chiquita D. Hull
1729 E. 86th Street
Chicago, IL 60617
(312) 975-6105
chiquita_hull@yahoo.com
Pro Se

**EXHIBIT C**



Nicholas Bailey <nwbaileylaw@gmail.com>

---

## Discovery Responses

---

**Chiquita Hull** <chiquita_hull@yahoo.com>  Mon, Oct 7, 2024 at 3:30 PM
To: Nicholas Bailey <nwbaileylaw@gmail.com>

Actually I occupied the building per my FHA contract from may 19, 2018 - 8/15/2018. As did the previous landlord. You never actually asked me if I occupied the building. These aren't tactics and my financials have been turned over to the trustee. I believe you are the misinterpreting the 11 USC a4 as 3 bankruptcy attorneys who specialize in adversary cases have advised that you have to prove the debt was created due to fraud in order to actually use the statue.

Nicholas, I don't do things without consulting an expert and you all have done nothing from the beginning but try to take advantage of me. I have actual written proof from my lender, utility bills etc proving I resided in the home from May 19 - August 15. Only moved out because of the horrible conditions your clients left the building in and nothing worked so a upgrade was needed. Had to file paperwork to get approval from my lender to even do so. The more I'm actually consulting lawyers that do their job the more I'm finding out that you all have been nothing but predatory. I won't be giving you anything that is not required in this case. Your focus under the statue that was files should be to prove that I created this debt by committing fraud towards your clients during the 43 days they were my tenants. Even the leases state that no interest is given. Now I understand why you never entered the leases in the court cases. The judge stated I needed to provide answers and I did what he asked. I have no money to hire a lawyer but you seem to not get it. Those are my answers.

Sent from my iPhone

> On Oct 7, 2024, at 3:20 PM, Nicholas Bailey <nwbaileylaw@gmail.com> wrote:
>
> Ms. Hull,
>
> I have received no response whatsoever to our requests for production.
>
> With respect to your responses to the interrogatories and requests to admit, your responses are improper, falling into two categories of impropriety, although both are obviously obstructionist.
>
> First, you repeatedly assert "not applicable," claiming exemption under the owner-occupied exemption to the RLTO.  First of all, you are misapplying the law.  This exemption was never available to you because you did not occupy the property during my clients' residency.  Secondly, you have already been defaulted in the RLTO case (due to tactics like this), so it is too late to try to raise this type of defense.
>
> Secondly, you are misinterpreting 11 U.S.C. 523 with respect to the fraud, in particular 11 U.S.C.(a)(4), as you have an ONGOING fiduciary duty when holding a deposit.  You are a debtor in a bankruptcy proceeding and I am a creditor.  Discovery about your assets and financial activities, as well as relating to your claims on your filings, is HIGHLY relevant to this proceeding.  I understand that your interest in maintaining these objections is simply to obstruct investigation into the assets and business activities you have hidden, but that is not an interest protected by the Court.
>
> Please advise whether you will be updating your responses by the deadline, or I will have to seek further relief from the Court.
>
> --
> Nicholas Winston Bailey, Attorney
> Joan M. Fenstermaker, PC
> 312.720.2603